IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ESTATE OF HOSEA LOVELL, JR., ET AL., | ) ) ) | Civ. No. 12-00455 JMS-BMK |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | ) ) | PLAINTIFFS' MOTION TO REMAND |
| STATE FARM INSURANCE COMPANIES, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs Jane Lovell and Estate of Hosea Lovell, Jr.'s Motion to Remand (Doc. 8). The Court heard this Motion on December 14, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Plaintiffs' Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

This action arises out of a car accident that injured Plaintiffs Jane Lovell and Hosea Lovell, Jr. On December 19, 2008, Suzanne Duncan, who was the insured under Defendant State Farm Mutual Automobile Insurance Company's automobile insurance policy, permitted Randy Melendez to operate her vehicle.

(Complaint ¶¶ 8-10.)  Melendez rear-ended Plaintiffs' vehicle and injured them.

(Id. ¶¶ 11-13.)  Plaintiffs demanded payment from Defendant under the insurance

policy, which was denied.  (Id. ¶ 15.)  Plaintiffs thereafter filed suit against

Melendez in state court and was awarded general and compensatory damages

totaling $141,409.  (Id. ¶ 21.)

        Plaintiffs received $100,000 from their own insurer, DTRIC, which

then assigned to Plaintiffs its subrogation rights to collect against Defendant.  (Id.

¶¶ 23-24.)  Plaintiffs filed the present action against Defendant, asserting that it "is

legally obligated . . . to pay Plaintiffs (as DTRIC's assignees) the entire $70,000 in

policy limits that covered the car that Melendez drove."  (Id. ¶ 25.)

        On August 9, 2012, Defendant removed this case to federal court on

the basis of diversity jurisdiction.  Plaintiffs now seek remand, arguing that

Defendant has not met its burden of establishing that the "amount in controversy"

exceeds the jurisdictional threshold of $75,000.

<u>DISCUSSION</u>

I.        The Court Finds and Recommends that Remand be Granted.

        Defendant removed this case from state court, asserting in the Notice

of Removal that this Court has diversity of citizenship jurisdiction pursuant to 28

U.S.C. § 1332.  Under that statute, "district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties dispute whether the amount in controversy exceeds $75,000.

In determining the amount in controversy in a removed case, district courts "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). "When it is not facially evident from the complaint that more than $75,000 is in controversy, a defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." Miyasato v. Hyatt Corp., CV. NO. 11-00716 JMS-KSC, 2012 WL 874873, at *3 (D. Haw. Feb. 16, 2012) (citing Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)).

Here, the Complaint asserts that "Defendant is legally obligated, pursuant to the subject policy and Hawaii law to pay Plaintiffs . . . the entire $70,000 in policy limits." (Complaint ¶ 25.) At the hearing on this Motion, Plaintiffs reiterated that they seek to recover $70,000 from Defendant. Importantly, Plaintiffs' counsel also committed on the record to recovering no more than $5,000 in attorneys' fees and costs in this case on the record. Consequently, the amount in controversy does not exceed $75,000, and the

3

jurisdictional threshold is not met in this case.  Therefore, the Court finds that remand is proper.

II.         The Court Finds and Recommends that Plaintiffs' Request for Fees, Costs, and Sanctions be Denied.

Section 28 U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)) (quotations omitted).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin, 546 U.S. at 141.  Here, Defendant acted reasonably in removing this case because they could not have known that Plaintiffs would commit to collecting no more than $5,000 in attorneys' fees.  Consequently, the Court recommends that fees under 28 U.S.C. § 1447(c) be denied.

Plaintiffs also seek sanctions under Rule 11 of the Federal Rules of Civil Procedure.  When Rule 11 sanctions are sought against an attorney, the movant "must comply with Rule 11's 'safe harbor' provision."  Gomes v. Am. Cent. Co., CV. 09-2153FCD-KJM, 2010 WL 1980201, at *2 (E.D. Cal. May 17,

4

2010) (citing <u>Radcliffe v. Rainbow Constr. Co.</u>, 254 F.3d 772, 789 (9th Cir. 2001)

(noting that the procedural requirements of Rule 11's "'safe harbor' are

mandatory")).  Rule 11's safe harbor provision states that a "motion for sanctions

must be made separately from any other motion and must describe the specific

conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Further, the

attorney against whom sanctions are sought "must be served under Rule 5, but it

must not be filed or be presented to the court if the challenged paper, claim,

defense, contention, or denial is withdrawn or appropriately corrected within 21

days after service."  <u>Id.</u>  Stated differently, "the Rule's safe harbor provision

requires parties filing such motions to give the opposing party 21 days first to

'withdraw or otherwise correct' the offending paper."  <u>Holgate v. Baldwin</u>, 425

F.3d 671, 678 (9th Cir. 2005).  The Ninth Circuit "enforce[s] this safe harbor

provision strictly."  <u>Id.</u>

   Here, Plaintiffs have not satisfied Rule 11's safe harbor requirements.

Plaintiffs do not point to any "motion for sanctions . . . [that is] separate[] from any

other motion and . . . describe[s] the specific conduct that allegedly violates Rule

11(b)."  Fed. R. Civ. P. 11(c)(2).  In short, Plaintiffs do not establish that they

served a motion for Rule 11 sanctions on Defendant at least 21 days prior to

moving for sanctions, and the Court therefore finds that Plaintiffs did not satisfy

the safe harbor provisions of Rule 11.  Because the safe harbor requirements are

"mandatory," the Court recommends that Plaintiffs' request for Rule 11 sanctions

be denied.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that

Plaintiffs' Motion to Remand be GRANTED IN PART and DENIED IN PART.

DATED:  Honolulu, Hawaii, December 17, 2012.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Lovell, et al. v. State Farm Ins. Co., Civ. No. 12-00455 JMS-BMK; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION
TO REMAND.