IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANE LOVELL AND THE ESTATE OF HOSEA LOVELL, JR., <br><br>            Plaintiffs, <br><br>    vs. <br><br>STATE FARM INSURANCE COMPANIES, <br><br>            Defendant. <br>_____ | ) CIVIL NO. 12-00455 JMS/BMK <br>) <br>) ORDER ADOPTING FINDINGS <br>) AND RECOMMENDATIONS TO <br>) GRANT IN PART AND DENY IN <br>) PART PLAINTIFFS' MOTION TO <br>) REMAND <br>) <br>) <br>) <br>) <br>) <br>) |

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION TO REMAND**

**I. INTRODUCTION**

On July 12, 2012, Plaintiffs Jane Lovell and the Estate of Hosea Lovell, Jr. (collectively, "Plaintiffs") filed a Complaint in the Fifth Circuit Court of the State of Hawaii, alleging claims against State Farm Insurance Companies ("State Farm"). Plaintiffs claim the rights to receive a payment of $70,000 plus attorneys' fees from State Farm as an assignee of DTRIC Insurance Company's right to subrogation.

State Farm removed the action to this court on the basis of diversity jurisdiction. Plaintiffs filed a timely Motion to Remand, seeking a remand to state court and an award of fees and/or sanctions against State Farm. On December 17,

2012, Magistrate Judge Barry M. Kurren entered his Findings and Recommendations to Grant in Part and Deny in Part the Motion to Remand ("December 17 F&R"), recommending that this court remand the action to state court and deny the request for fees and/or sanctions.

Currently before the court is State Farm's Objection, in which it challenges only one issue -- Magistrate Judge Kurren's December 17 F&R that the matter be remanded to state court.  Based on the following, the court AFFIRMS the December 17 F&R.

## II.  BACKGROUND

In their Motion to Remand, Plaintiffs argued that State Farm could not establish diversity subject matter jurisdiction because the amount in controversy did not exceed $75,000, exclusive of interest and costs.  In support of this position, Plaintiffs conceded that "they will not ask for anymore than $74,999, exclusive of interest and costs."  Doc. No. 8 at 3-4.  In Opposition, State Farm argued that at the time of removal, Plaintiffs sought $70,000 in insurance benefits and an unspecified amount in attorneys' fees, making it apparent on the face of the complaint that the amount in controversy in fact exceeded the $75,000 threshold.  Magistrate Judge Kurren found, based on Plaintiffs' concession that they would seek no more than a total of $74,999, that State Farm failed to prove the jurisdictional amount in

controversy.

That single matter is now on appeal to this court. State Farm filed its Objection to the December 17 F&R on December 31, 2012 and Defendants filed their Reply on January 14, 2013. Pursuant to Local Rule 7.2(d), the court determines State Farm's Objection without a hearing.

### III. STANDARD OF REVIEW

This court has historically treated a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendations by the magistrate judge. *See Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008). When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been

rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV.  DISCUSSION

State Farm removed this action pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction, which requires two elements -- 1) "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and 2) the diversity of citizenship between the parties (and here, the diversity of the parties is not in question).

Because Plaintiffs' state-court complaint is facially ambiguous as to whether the $75,000 threshold is met, State Farm has the burden to show, by a preponderance of the evidence, the amount in controversy to establish federal court jurisdiction.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).  Further, 28 U.S.C. § 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state

court.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Plaintiffs have again represented that they will not seek a total recovery of more than $74,999, exclusive of interests and costs.[1]  Doc. No. 20 at 2.  "Because [Plaintiffs'] lawyers are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction, we give great deference to such representations and presume them to be true."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003).  Further, because Magistrate Judge Kurren and this court are relying on Plaintiffs' specific representation that they will not seek an award in excess of $74,999, exclusive of interest and costs, they will be precluded from arguing otherwise after remand under the doctrine of judicial estoppel.  *See, e.g.*, *Baughman v. Walt Disney World Co.,* 685 F.3d 1131, 1133 (9th Cir. 2012); *Lee v. Puamana Cmty Ass'n,* 109 Haw. 561, 576, 128 P.3d 874, 889 (2006).  State Farm has not rebutted Plaintiffs' representation as to the amount in controversy, and has otherwise failed to meet its

---

[1] The December 17 F&R states that Plaintiffs committed to recover no more than $5,000 in attorneys' fees.  In fact, Plaintiffs' commitment is that the *total* recovery, including the amount sought from State Farm under the policy and attorneys' fees, will not exceed $74,999.  Thus, if Plaintiffs recover less than $70,000 under the policy, they could seek attorneys' fees in excess of $4,999, provided that the total recovery under the policy plus attorneys' fees does not exceed $74,999.

burden to establish that the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[2]  Federal jurisdiction is absent, and the case must be remanded to state court for further proceedings.

## V. **CONCLUSION**

Based on the above, the court ADOPTS the December 17, 2012 Findings and Recommendations to Grant in Part and Deny in Part Plaintiff Motion to Remand.  This action is REMANDED to the Fifth Circuit Court of the State of Hawaii.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 16, 2013.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Lovell et al. v. State Farm Ins. Cos.*, Civ. No. 12-00455 JMS/BMK, Order Adopting Findings and Recommendations to Grant in Part and Deny in Part Plaintiffs' to Remand

---

[2] Given this ruling, the court need not rule on Plantiffs' alternative argument that attorneys' fees incurred after the date of removal are not properly included in the $75,000 threshold determination.  *See, e.g.*, *Kahlo v. Bank of America, N.A.*, 2012 WL 1067237 (W.D. Wash. Mar. 28, 2012).